IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSUE MORALES-FLORES [2],

Defendant.

CRIMINAL NO. 18-349 (GAG)

**REPORT AND RECOMMENDATION**

Defendant Josué Morales-Flores [2] was charged in a one-count Indictment and he agreed to plead guilty to the sole count of the Indictment. Count One charges the defendant with possession with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii)(I).

On April 12, 2019, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, José Agustín Arce, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representatives and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.   He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt.   Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.   Defendant was specifically apprised of

his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The statutory penalty for the offense charged in Count One of the Indictment is a term of imprisonment of at least ten (10) years, but not more than life; a fine not to exceed ten million dollars ($10,000,000.00); a special monetary assessment of one hundred dollars ($100.00); and a term of supervised release of at least five (5) years.

The Defendant agrees to pay a special assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

The United States and Defendant stipulate for purposes of the Plea Agreement that Defendant shall be accountable for conspiring to knowingly and intentionally possessing with the intent to distribute at least 150 kilograms but less than 450 kilograms of cocaine.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea and Forfeiture Agreement (Pursuant to Fed. R. Crim. P. 11(c)(1)(B) FRCP)" ("the Agreement") and the "Plea Agreement Supplement" [2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be.  Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate an agreement that appears on page four (4), paragraph nine (9) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained.  Regarding Count One of

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same.  Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

the Indictment, pursuant to U.S.S.G. §§2D1.1(a)(5) & 2D1.1(c)(1), the Base Offense Level is of Thirty-Six (36), for at least 150 kilograms but less than 450 kilograms of cocaine. Pursuant to U.S.S.G. §3E1.1(a) & (b), a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Thirty-Three (33), yielding an imprisonment range of one hundred and thirty-five (135) to one hundred and sixty-eight (168) months assuming a Criminal History Category of I; one hundred and fifty-one (151) to one hundred and eighty-eight (188) months assuming a Criminal History Category of II; one hundred and sixty-eight (168) to two hundred and ten (210) months assuming a Criminal History Category of III; one hundred and eighty-eight (188) to two hundred and thirty-five (235) months assuming a Criminal History Category of IV; two hundred and ten (210) to two hundred and sixty-two (262) months assuming a Criminal History Category of V; two hundred and thirty-five (235) to two hundred and ninety-three (293) months assuming a Criminal History Category of VI.

There is a ten (10) year mandatory statutory minimum pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii)(I) because the defendant possessed with intent to distribute more than five (5) kilograms of cocaine.

After due consideration of the relevant factors enumerated in Title 18, United States Code, §3553, in exchange for the defendant pleading guilty to Count One of the Indictment, the parties agree to recommend a sentence of one hundred and thirty-five (135) months of imprisonment, irrespective of Defendant's criminal history category at the time of sentencing. Defendant agrees that this sentence is reasonable pursuant to Title 18, United States Code, Section 3553(a).

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

The United States and the defendant agree that no adjustments or departures may be sought by either party and that any request by defendant for an adjustment or departure will be considered a material breach of the plea agreement.

Defendant acknowledged being aware of the Forfeiture Provisions included in paragraph fifteen (15) of the Agreement and discussing the same with his counsel. Defendant indicated he understood its terms and conditions which were explained by his counsel.

Defendant acknowledges he is an alien and pleading guilty and entering into the plea may have negative effects upon defendant's immigration status with the United States, which may include deportation, removal and denial of citizenship among others.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt.  Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written

United States of America v. Josué Morales-Flores [2]
Criminal No. 18-349 (GAG)
Report and Recommendation
Page 7

_____

document entitled "Government's Version of the Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without his being released on parole.  Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea.  Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement

contains a waiver of appeal in paragraph eleven (11) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant was read Count One of the Indictment in open court and he indicated he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One of the Indictment was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 18-349 (GAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 18-349 (GAG).

IT IS SO RECOMMENDED.

The sentencing hearing is set for August 12, 2019 at 9:00 am before Honorable Gustavo A. Gelpí, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). See also Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order.

United States of America v. Josué Morales-Flores [2]
Criminal No. 18-349 (GAG)
Report and Recommendation
Page  9
_____

Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).   See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

    In San Juan, Puerto Rico, this 12th day of April of 2019.

                                s/ CAMILLE L. VELEZ-RIVE
                                CAMILLE L. VELEZ-RIVE
                                UNITED STATES MAGISTRATE JUDGE